UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROL DEUTSCHMANN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN,[1] ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 4:12CV1663 HEA |

## **OPINNION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq.* For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's application.

### Facts and Background

Plaintiff was 40 years old at the time of the hearing. She completed high school. The ALJ found Plaintiff had the impairments of coronary artery disease

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

and obesity.

Plaintiff has worked as a customer service representative at Western Union. when she was laid off, she applied for unemployment benefits.  Plaintiff was hospitalized for a heart attack, and had seven stents placed during surgery.  Plaintiff testified that she can't walk around due to a combination of her heart and legs.  She testified she has neuropathy; her feet fall asleep, get cold and hot and she has to elevate them.  Plaintiff also testified she began having panic attacks.  Plaintiff takes Gabapentin for her neuropathy, as well as Cymbalta.  Plaintiff weighed 248 pound at the time and is 5 foot 7 ½ inches tall.  Plaintiff's diabetes is treated with insulin shots.  Plaintiff has high blood pressure, but it is controlled through medication.  Plaintiff testified she has been diagnosed with intercostal muscle which causes her sharp pains all the time.  Plaintiff goes to the grocery store, but uses a riding buggy to go up and down the aisles.  Plaintiff gets tired during the day and naps about every three hours

A vocational expert also testified.  In response to the ALJ's hypothetical question, the VE testified that Plaintiff could perform her past relevant work in customer service as Plaintiff performed it, in a sedentary manner.

Plaintiff's application for social security under Titles II, 42 U.S.C. §§ 401, *et seq.*, was denied on August 24, 2010.  On June 9, 2011, the ALJ issued an unfavorable decision.  On August 24, 2012, the Appeals Council denied

Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the

claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the

claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in gainful activity since June 1, 2010, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: coronary artery disease and obesity. At Step

Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 and 416.929.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to life and carry up to 20 pounds occasionally and up to 10 pounds frequently, to sit, with usual breaks for 6 hours in an 8 hour work day, and to stand and/or walk, with usual breaks, a total of two hours in an 8 hour work day. Plaintiff could not climb ropes, ladders or scaffolds, could only occasionally climb stairs and ramps, and had to avoid concentrated exposure to cold and the hazards of unprotected heights.

At Step Four, the ALJ determined that Plaintiff is able to perform her past relevant work as customer service representative, therefore, the ALJ was not required to proceed to Step Five.

**Standard For Judicial Review**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but

enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following

arguments: (1) the ALJ erred by rejecting the opinions of Plaintiff's treating physician with an insufficient analysis.  (2) the ALJ did not include a narrative discussion of the rationale for the residual functional capacity assessment, and the residual functional capacity finding is not supported by substantial evidence;  (3) the ALJ's finding as to Plaintiff's credibility is not supported by substantial evidence because the ALJ failed to consider Plaintiff's work history.

**RFC and Medical Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.  An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322

(8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that Plaintiff could perform light work and could not climb ropes, ladders, and scaffolds, and only occasionally climb stairs and ramps. Further claimant could only occasionally crouch and crawl, never kneel and should avoid concentrated exposure to pulmonary irritants. She could lift 20 pounds occasionally and 10 pounds frequently, sit 6 hours in an 8 hour workday, and stand/walk 2 hours in an 8 hour workday.

The ALJ determined Plaintiff's RFC based upon all of the relevant evidence, including medical records, observations of treating physicians, and her description of her limitations. As required by *McCoy v. Astrue*, 648 F.3d 605 (8th Cir. 2011); *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001); and *Anderson v. Shalala*, 51 F.3d. 777 (8th Cir. 1995), the ALJ articulated the basis for the weight given the evidence of the record and concluded Plaintiff had the RFC to perform a limited range of light work. In so finding, the ALJ considered the entire record including Plaintiff's complaints. He properly concluded there were inconsistencies in her allegations in relation to the record as whole.

Plaintiff, of course, relies heavily upon *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) in her assertion of deficiencies in the decision making process of

the ALJ relating to credibility. The Eighth Circuit has never ruled that the ALJ must discuss every *Polaski* factor. The ALJ only needs to acknowledge and consider those factors before discounting subjective complaints. *Samons v. Apfel*, 497 F.3d 813 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). Here, the ALJ properly weighed, considered, and applied the standards.

Plaintiff argues that the ALJ failed to analyze and weigh Plaintiff's treating physician, Dr. Kichura, in accordance with SSR 92-2p. Although the ALJ did not specifically set out each factor in SSR 92-2p, the ALJ clearly analyzed Dr. Kichura's findings and treatment notes.

Plaintiff's medical records establish that she only occasionally complained of lightheadedness, only occasionally complained of chest pains, reported that she generally felt well from a cardiac standpoint and regularly denied heart palpitations, near syncope or syncope. Although Plaintiff was overweight, her cardiac exam findings were unremarkable.

Plaintiff's diabetes is controlled through insulin and there are no significant findings associated with Plaintiff's diabetes.

With regard to Plaintiff's peripheral neuropathy, Plaintiff's examinations regularly revealed unremarkable neurological findings and no decreased

sensation to monofilament testing in either of her extremities. Indeed, Plaintiff herself reported her neuropathy had improved greatly in April 2011.

Plaintiff complains that the non-treating consultant only reviewed certain medical records and he is a pediatrician. "The opinions of non-treating practitioners who have attempted to evaluate the claimant without examination do not normally constitute substantial evidence on the record as a whole." *Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir.2003) (citing *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999)). However, "[w]hen faced with a conclusory opinion by a treating physician, the Commissioner need only come forth with 'some medical evidence' that the claimant can work. Residual functional capacity assessments by non-treating physicians can constitute the requisite substantial evidence." *Smallwood v. Chater*, 65 F.3d 87, 89 (8th Cir.1995) (citation omitted); see also *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir.2002) (affirming ALJ's decision where ALJ "did not rely solely on the opinion of the consulting physician, but also conducted an independent review of the medical evidence."); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir.1995) ("Although it is true that the opinion of a reviewing physician alone does not constitute substantial evidence, the ALJ did not rely solely on the reviewing physicians in this case. The ALJ also conducted an independent analysis of the medical evidence."). The record before the Court clearly establishes that the ALJ conducted an independent analysis of the medical evidence before him.

**Credibility**

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*.

Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

The Court finds that the ALJ's credibility assessment is supported by substantial evidence in the record as a whole. The ALJ did consider Plaintiff's work history and the manner in which she performed her past relevant work. In considering Plaintiff's past work, the ALJ added limitations to the type and manner in which Plaintiff could perform her past relevant work.

The ALJ's findings were clearly based upon the record as a whole. The ALJ summarized Plaintiff's testimony regarding her limitations, the treatment notes regarding her impairments, the medical opinions in the record, Plaintiff's representations in her report, and the ALJ's specific credibility findings. The ALJ applied the proper standard to the facts before him and his determination of Plaintiff's RFC and her ability to perform her past relevant work is supported by the record as a whole.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of

Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 14th day of February , 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE